People of the State of Illinois, Plaintiff-Appellee, v. Larry James Cowsette, Defendant-Appellant.

Gen. No. 52,954.

First District, First Division.

January 19, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago (George L. Lincoln and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Robert Kelty, Special Assistant State's Attorney and Elmer C. Kissane, Assistant State's Attorney, of counsel), for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

The defendant, Larry James Cowsette, was found guilty after a bench trial, of the crime of rape and sentenced to a term of five to fifteen years in the penitentiary. It is contended on appeal that the identification procedure was so unnecessarily suggestive and conducive to mistaken identity as to deny defendant due process of law.

The evidence discloses that Caroline Ballinger was visiting her neighbor, Hattie Anderson, at 2513 West Harrison about 11:00 a. m. on September 13, 1966. A man appeared at the kitchen door and asked Mrs. Anderson about a man who could help get his car started. After a short conversation he left. Soon afterwards the man reappeared, opened the door and entered with a gun in his hand. He made both women lie on a bed and then forced Mrs. Ballinger to have intercourse with him.

Hollis Members testified that about 3:00 p. m. of the same day he was talking with a group of men, including the defendant, outside the tavern. He heard the defendant say that he had just raped a white woman on Harrison and Denvir, which was near the area in ques-

tion. Porter Jordan, Mrs. Anderson's brother-in-law, heard of this conversation and had the defendant arrested the day after the rape took place. Accompanied by Mr. Jordan, the two women at 1:00 p. m. on September 14th, identified the defendant who was in a squad car, as their assailant.

The defendant denied raping Mrs. Ballinger. He also denied ever knowing Hollis Members or making the alleged statement. The defendant testified that he was at several other places on the day of the incident. His mother testified that she saw him at home on September 13, 1966, at 10:45 a. m.

The defendant contends that since he was of a different race than Mrs. Ballinger and Mrs. Anderson the "showup" identification procedure was very suggestive and could easily lead to a mistaken identification. This, he argues, was compounded by the fact that the crime involved is the highly emotional one of rape and by the fact that both ladies viewed him at the same time. Adding further to the suggestiveness of the procedure is the fact that the women were accompanied to the "showup" by Mr. Jordan who knew that the defendant had bragged of raping a white woman. This identification procedure, it is alleged, was thus so suggestive and conducive to mistaken identity as to deny the defendant due process of law.

We need not reach the question of whether this procedure was unduly suggestive since under the recent case of People v. Blumenshine, 42 Ill2d 508, 250 NE2d 152, a reviewing court may affirm a conviction if it finds that each witness's identification had an origin independent of any suggestive viewing of the defendant. The record in this case clearly discloses such an independent origin for the identification of each witness. Two of the main factors mentioned in Blumenshine which may be considered in deciding this question are a prior opportunity to observe the alleged criminal act and the

lapse of time between the alleged act and the contested identification. In this case the identification was the next day. Mrs. Anderson had an excellent opportunity to observe the defendant when he first talked with her at the door. Both women then spent twenty to thirty minutes during this attack. Mrs. Ballinger had a particularly good opportunity to view and talk to the defendant at that time because of details which we need not relate. Of course, Mr. Members' corroborating testimony was not influenced by the contested identification procedure. We find on the record that the identification of the defendant as their assailant, by Mrs. Ballinger and Mrs. Anderson, had an origin independent of the contested identification procedure.

The case at bar is distinguishable from People v. Gardner, 35 Ill2d 564, 221 NE2d 232, on which the defendant relies. In the Gardner case, the Supreme Court reversed a rape conviction because the court did not believe the defendant's guilt was proved beyond a reasonable doubt where there was a single identification by the victim which was based mainly on the defendant's clothing and the defendant had a strongly substantiated alibi. In the present case the victim and the occurrence witness who each had a good opportunity to see the attacker's face, identified the defendant. There was corroborative testimony by Mr. Members who said he heard the defendant claim he had just raped a white woman in the area of the incident. The defendant's alibi was substantiated mainly by his mother's statement that he was at home a short time before the incident. We believe the evidence was sufficient to establish defendant's guilt beyond a reasonable doubt.

For the reasons stated the judgment of the Circuit Court is affirmed.

Affirmed.

ADESKO and MURPHY, JJ., concur.